[No. C000379. Third Dist. Dec. 30, 1987.]

EDWARD FREIDBERG et·al., Plaintiffs and Appellants, v.
JAMES E. COX et al., Defendants and Respondents.

## COUNSEL

C. Jean Cain and Marjorie E. Manning for Plaintiffs and Appellants.

Thomas S. Clifton, Lewis, D'Amato, Brisbois & Bisgaard, Robert H. Zimmerman, Lawrence S. Giardina and Weintraub, Genshlea, Hardy, Erich & Brown for Defendants and Respondents.

## OPINION

**PUGLIA, P. J.**—In this action for malicious prosecution, plaintiff appeals from a summary judgment entered on motion of defendant. The sole issue on appeal is whether the action allegedly prosecuted maliciously by

defendants was terminated favorably to plaintiffs and appellants. We conclude it is not and shall therefore affirm.

The instant action is the third in a series of related lawsuits which began with a case entitled *Ritter* v. *Bard*. Taggert Ingraham is an attorney and a defendant in the action in which this appeal is taken. Ingraham represented Ritter in an action by Ritter against Dr. Bard for medical malpractice. Ingraham and Ritter entered into a contingent fee contract, whereby Ingraham would receive as attorney's fees 50 percent of any recovery by Ritter. Edward Freidberg is an attorney experienced in medical malpractice litigation and is a plaintiff in the action in which this appeal is taken. Freidberg accepted Ingraham's offer to act as cocounsel in the *Ritter* lawsuit. Thereafter the Ritter medical malpractice action was settled, resulting in attorney's fees in the amount of $86,000.

When Freidberg and Ingraham could not agree on a division of fees, Ingraham brought an action against Freidberg. James E. Cox and Dan L. Garrett, Jr., also defendants in this action, represented Ingraham in his suit to recover attorney's fees. Ingraham's second amended complaint, which set out two theories upon which he sought recovery of a share of the attorney's fees, alleged: (1) Ingraham and Freidberg entered into a joint venture to act as cocounsel in the Ritter malpractice action; the joint venture agreement did not specify how profits were to be apportioned between the joint venturers; Ingraham is therefore entitled to $43,000, being one-half of the profits of the venture; Freidberg fraudulently breached his fiduciary duty to his coventurer, Ingraham, entitling Ingraham to punitive damages of $500,000; (2) Ingraham was entitled to recover $43,000, being the reasonable value of the services he rendered as cocounsel in the malpractice action. An amendment to the second amended complaint setting out a third theory of recovery alleged: Freidberg tortiously and maliciously induced Ritter to breach the contingency fee contract which by its terms obligated Ritter to pay Ingraham personally from the settlement proceeds all sums due for attorney's fees and litigation costs advanced; as a result Ritter paid such sums directly to Freidberg, depriving Ingraham of his rightful share of the attorney's fees and entitling Ingraham additionally to $500,000 in punitive damages.

At trial of Ingraham's lawsuit to recover attorney's fees, the trial court granted Freidberg's motion for nonsuit, removing from jury consideration Ingraham's theories of joint venture and tortious interference with contract. The case went to the jury solely on the contract theories asserted by Ingraham. In a special interrogatory, the jury found there was no agreement between Freidberg and Ingraham for a division of attorney's fees. However, the jury did find Ingraham was entitled to recover the reasonable value of

legal services he rendered in the malpractice action, and awarded damages in the amount of $12,900.

Freidberg paid the damages and a satisfaction of judgment was recorded.

Freidberg then brought the underlying action for malicious prosecution, alleging the joint venture and tortious interference with contract theories asserted by Ingraham and his attorneys, Cox and Garrett, were prosecuted maliciously without reasonable belief in the merit of those claims. Freidberg sought damages for the reasonable value of attorney's fees and costs incurred in defending against these alleged specious claims and also sought recovery of punitive damages.

Ingraham, Cox and Garrett (defendants) moved for summary judgment on the basis termination of the action for attorney's fees was not favorable to Freidberg because Ingraham recovered damages in that action. The trial court agreed and entered summary judgment in favor of defendants.

"To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must [show] the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]." (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

We are here concerned only with the first of the elements cited above—favorable termination of the underlying action in favor of plaintiff. ■ "It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor. [Citations.]" (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 845 [92 Cal.Rptr. 179, 479 P.2d 379].) The rationale for this requirement is simple: "The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge . . . against an innocent person. If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge." (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 Cal.Rptr. 335, 135 A.L.R. 775].) "Although the original proceeding in *Jaffe* was criminal, the

gist of the statement is equally applicable to cases . . . where the main action is civil." (*Babb* v. *Superior Court, supra,* 3 Cal.3d at p. 846.)

Plaintiff asserts that the element of favorable termination is satisfied by dismissal of that part of the action for attorney's fees premised on theories of joint venture and interference with contract. We disagree.

"[T]he criterion by which to determine which party was successful in the former action is the decree itself in that action. The court in the action for malicious prosecution will not make a separate investigation and retry each separate allegation without reference to the result of the previous suit as a whole . . . ." (52 Am.Jur.2d, Malicious Prosecution, § 42, p. 211.) "[T]he question whether the original suit was successfully prosecuted against the plaintiff is to be determined by the judgment or decree therein upon the final adjudication, and not by the separate allegations and charges and the proof for and against each . . . ." (See Annot. (1958) 58 A.L.R.2d 1422, 1429.)

*Murdock* v. *Gerth* (1944) 65 Cal.App.2d 170 [150 P.2d 489], is closely analogous if not precisely on point. Murdock commenced an action against Wolf for dissolution of partnership and to quiet title. Gerth was the attorney for Wolf. Thereafter, Murdock and Wolf, attempting to settle their differences, entered into a series of contracts involving the dissolution of the partnership. For our purposes, two contracts are relevant: a June 21, 1937, agreement and an agreement dated July 6, 1937. Later, Wolf and Murdock could not agree on interpretation of the contracts and Gerth filed suit on behalf of Wolf against Murdock. Wolf sought damages totaling $5,050, predicated on the June 21, 1937, contract. After trial of the action, the court entered judgment in favor of Wolf, awarding him $200 in damages. The judgment, however, was based not on the June 21, 1937, contract, but on the July 6, 1937, contract, an agreement not pled or relied upon by Wolf in his complaint. (*Id.,* at pp. 172-176.)

Murdock then filed suit for malicious prosecution, alleging Gerth sought maliciously to enforce the provisions and terms of the June 21, 1937, contract. Murdock prevailed and Gerth appealed. (*Id.,* at pp. 176-177.) The appellate court reversed, stating, "Before an action for malicious prosecution can be maintained, it is essential that the proceeding complained of should have been finally terminated, and terminated in favor of the plaintiff. [Murdock] urges that the judgment in favor of [Wolf] was not predicated upon the contract of June 21, 1937, upon which [Wolf's complaint] relied but was based upon another agreement set forth in amendments to the

answer filed by [Murdock], viz. the agreement of July 6, 1937. While it is true that the judgment was not based upon the allegations of the complaint prepared by appellant, nevertheless, we are persuaded that, in determining whether a proceeding alleged to have been maliciously prosecuted has been terminated in favor of the party injured by such proceeding, *consideration should be given to the judgment as a whole.* To hold otherwise would defeat the purpose of the rule which seeks to prevent collateral attack upon judgments of duly constituted courts. Hence, the decree or judgment itself in the former action is the criterion by which to determine who was the successful party in such proceeding. In the instant case, it is at once apparent that the plaintiff in the action complained of actually obtained a judgment against Dr. Murdock, plaintiff in the instant malicious prosecution case for $200. True, such sum was only a small part of the amount sued for. Nevertheless, it is conclusive proof that there was an obligation on the part of Dr. Murdock to Dr. Wolf that was due and unpaid. The situation is not altered by the fact that the theory of plaintiff in the prior action was not adopted by the trial court. The fact remains that the judgment, framed upon the pleadings filed and the issues raised thereby, was not in favor of the defendant therein. By said judgment the defendant was required to pay plaintiff the sum of $200, and such judgment in favor of plaintiff was satisfied of record. . . . [T]he plaintiff in the instant action has not sustained the indispensable burden cast upon him in a malicious prosecution action to prove that [appellant] herein when he prepared and filed the prior suit acted without probable cause." (Italics added, *id.,* at pp. 177-178.)

Plaintiff argues *Murdock* was impliedly disapproved in *Bertero* v. *National General Corp., supra,* 13 Cal.3d 43. We disagree. The plaintiff in *Bertero* was also the plaintiff in the antecedent action in which he sued defendant National General Corporation. National filed an amended answer together with a cross-complaint affirmatively asserting various theories of recovery. Plaintiff prevailed in the suit and the cross-complaint was dismissed with prejudice. The judgment was later affirmed on appeal. (13 Cal.3d at pp. 48-50.)

Plaintiff then instituted an action for "malicious prosecution" of the cross-complaint. The Supreme Court held the action could lie where but one of alternate theories of recovery pled in the cross-complaint was asserted maliciously. (*Id.,* at pp. 49, 56-57 and fn. 5; see also *Singleton* v. *Perry* (1955) 45 Cal.2d 489, 496-498 [289 P.2d 794]; *Williams* v. *Coombs* (1986) 179 Cal.App.3d 626, 643-644 [224 Cal.Rptr. 865].) Nonetheless, there had been a termination of the *entire* cross-complaint favorable to plaintiff. Because the holding in *Bertero* is based on facts distinctly different from those in *Murdock,* it does not diminish the authority of that case. To the contrary, "[a]lthough *Bertero* . . . holds that lack of probable cause concerning but

one of several claims in a cross-complaint will support an action for malicious prosecution . . . [t]he court did not alter the rule that there must be a favorable termination of the entire action." (Mallen & Levit, Legal Malpractice (2d ed. 1981) § 52, p. 110, fn. 28.)

In *Albertson v. Raboff* (1956) 46 Cal.2d 375 [295 P.2d 405] the defendant in a malicious prosecution action had filed an action against plaintiff seeking to recover on a promissory note. Defendant alleged a separate cause of action wherein he asserted an interest in real property claiming the proceeds which were the subject of the note were used by plaintiff to purchase the real property. Defendant filed a notice of lis pendens in connection with the latter cause of action. Although defendant was successful in his action on the promissory note, he failed on his cause of action to establish an interest in the real property. (*Id.,* at pp. 377-378.)

Plaintiff then brought an action for malicious prosecution. *Albertson* held plaintiff stated a cause of action for malicious prosecution based on defendant's action to establish an interest in her real property which the court described as a "separable part of the proceeding." (*Id.,* at pp. 378, 382.)

*Albertson* is distinguishable in that the wrongful institution of ancillary proceedings, such as the recordation of a notice of lis pendens, can itself support an action for malicious prosecution even without a showing the antecedent action was terminated favorably to plaintiff. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 256, p. 2532; Prosser & Keeton, Torts (5th ed. 1984) § 120, p. 892; Rest.2d Torts, § 674, com. f, at p. 455.)[1]

Moreover, as the *Albertson* court acknowledged, the antecedent action involved separable claims: one for money damages, and one seeking to

---

[1] Section 674, Restatement Second of Torts provides: "One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if [¶] (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and [¶] (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

Comment f to section 674 provides, in part: "A particular civil proceeding may be ancillary to other proceedings. Thus an attachment may be issued to secure the payment of a possible future judgment. If the principal proceedings were improperly brought under the rule stated in this Section, compensation for the harm done by the ancillary proceedings is recoverable as part of the damages for the improper initiation of the principal proceedings. Even though the principal proceedings are properly brought, the ancillary proceeding may be wrongfully initiated. In this case the wrongful procurement and execution of the ancillary process subjects the person procuring it to liability under the rule stated in this Section."

establish an interest in real property. Although joined in a single action, these causes of action could have been the subject of separate proceedings. (Cf. *Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390, 398-399 [177 Cal.Rptr. 398].)

■ Under the "primary right" theory of pleading followed in California, a cause of action is based upon the *injury* suffered by a plaintiff, regardless of the particular legal theory or theories upon which plaintiff seeks redress. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67, § 25, p. 69.) Where the complaint alleges a violation of different primary rights, it states different causes of action. (*Id.,* § 25, pp. 69-70.) A claim of breach of contract on an unsecured promissory note involves a primary right separate from, and independent of, a claim seeking to establish an interest in real property. (Cf. *Hall* v. *Coyle* (1952) 38 Cal.2d 543, 546 [241 P.2d 236]; *Sawyer* v. *First City Financial Corp., supra,* 124 Cal.App.3d at pp. 398-399, 402-403; Witkin, *op. cit. supra,* § 25, p. 69, § 52, p. 90.) Had the defendant in *Albertson* maliciously and unsuccessfully pursued his action to establish an interest in real property separately, the plaintiff could have filed suit for malicious prosecution. The same result follows notwithstanding the defendant joined the real property cause of action with a cause of action for breach of contract. (*Albertson, supra,* 46 Cal.2d at p. 382.) "[A] given set of facts may give rise to the violation of more than one 'primary right,' thus giving a plaintiff the potential of two separate lawsuits against a single defendant." (See *Sawyer, supra,* 124 Cal.App.3d at p. 399.)

■ Here, defendants' assertion, in the action for attorney's fees, of theories of joint venture and tortious interference with contract was aimed at remedying but one breach of primary right—the right of defendant Ingraham to a share of attorney's fee. Defendants' various theories of recovery were ". . . merely different legal theories of the nature of the single wrong." (Witkin, *op. cit. supra,* § 27, p. 71.) ■ "When one . . . suffers a single . . . injury by reason of the wrongful act of [another], there is ordinarily one cause of action. [Citation.] This is so regardless of alternative legal theories of recovery . . . ." (*Id.,* § 38, p. 80.) ■ Thus if Ingraham had sued to recover attorney's fees solely on the theory of, e.g., quantum meruit and the matter had gone to final judgment, a later action to recover attorney's fees based on joint venture or tortious interference with contract would be foreclosed by the doctrine of res judicata. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, §§ 243, 249, pp. 681-682, 687-688.) Stated otherwise, Ingraham's several "causes of action" in the attorney's fees matter were not separable and independent. Indeed, separate prosecution would constitute splitting a cause of action.

There was but one injury and one cause of action for recovery of attorney's fees. Because that action did not terminate in favor of plaintiff, the action for malicious prosecution cannot be maintained and summary judgment was properly granted.[2]

Carr, J., and Sparks, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 16, 1988.

---

[2] Defendants' motion for sanctions (see Code Civ. Proc., § 907 and Cal. Rules of Court, rule 26(a)) is denied. The appeal, while unmeritorious, is not frivolous. See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)