[No. A042267. First Dist., Div. Two. Feb. 14, 1990.]

DAVID JENKINS, Cross-complainant and Appellant, v. JAQUELYNN CONSTANCE POPE et al., Cross-defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II of the Discussion.

**COUNSEL**

Raymond N. Erlach and Erlach & Erlach for Cross-complainant and Appellant.

Harold A. Stone, Marilyn D. Steen, Gudmundson, Siggins, Stone & Skinner and Guy Allan Wilson for Cross-defendants and Respondents.

**OPINION**

KLINE, P. J.—This is an appeal from the dismissal of a cross-complaint alleging malicious prosecution, defamation, abuse of process, breach of fiduciary duty and attorney malpractice. Respondents' demurrers to the cross-complaint were sustained without leave to amend for failure to state a cause of action. Appellant contends that the cross-complaint for malicious prosecution was proper in the circumstances of this case and that the other causes of action raised by the cross-complaint were not barred either by the statute of limitations or by the statutory privilege for publications in judicial proceedings.

### STATEMENT OF THE CASE AND FACTS

This action arose out of the breakdown of an attorney-client relationship between appellant Jenkins, the client, and respondent Pope, the attorney. According to appellant's cross-complaint, appellant terminated Pope's rep-

resentation in July 1984, having lost confidence in her after a real estate deal in which the commission would have gone to her male companion and roommate, who was not a licensed real estate broker. A dispute arose regarding fees Pope claimed she was owed and representations Pope claimed appellant had made regarding the scope of her employment.

On August 9, 1985, Pope filed a complaint against appellant. The complaint contained four causes of action. The first, for quantum meruit, sought to recover $50,062.63, for expenses incurred and legal services rendered at appellant's request during the preceding two years. The second, for promissory estoppel, alleged that appellant had assured Pope she would be involved, and paid for her involvement, in many projects which appellant would be pursuing individually and through Fun Productions, Inc., of which he was the director and sole shareholder, especially the development of film projects; that Pope relied upon these promises by making her time completely available to appellant, not developing her law practice or seeking work commitments, and spending uncompensated time preparing for the new position; and that appellant failed to perform these promises. The third cause of action, for negligent misrepresentation, was based on similar representations, including specific representations that appellant would pay Pope for developing film projects which the two had discussed, and alleged that these representations were made with no reasonable ground for believing them to be true in that appellant was not in fact committed to the represented course. The last cause of action, for fraud, was based on the same representations but alleged that appellant knew them to be false and made them with the intent to defraud and deceive Pope.

On December 31, 1986, Pope filed her first amended complaint. This complaint contained the original causes of action for quantum meruit, promissory estoppel and negligent misrepresentation and new causes of action for negligent and intentional emotional distress. The fraud cause of action in the original complaint was deleted from the amended complaint.

On October 1, 1987, appellant moved to compel Pope's deposition, which had been adjourned on January 22, 1986, and scheduled to resume on September 22, 1987. In opposing the motion, Pope's attorney submitted a declaration asserting that the parties had entered into settlement negotiations several months after the original deposition and had not rescheduled the deposition because it appeared the case would settle. According to this declaration, the parties had agreed upon a sum for settlement and worked out minor wording changes orally. The agreement had been reached with one of appellant's two attorneys, Lima, who withdrew from the case on

September 28, 1987; the other attorney, Erlach, refused to acknowledge the settlement. On November 12, 1987, the court compelled the deposition and awarded $364 against Pope and her attorneys.

Also on November 12, appellant filed his answer and cross-complaint for defamation, abuse of process, malicious prosecution, breach of duty and malpractice. The cross-complaint named as defendants Pope; the attorney who filed the original complaint, Sargetis; and the attorneys who filed the amended complaint, respondents William F. Worthington, Jr., and Worthington & Worthington.[1]

By way of background, the cross-complaint alleged that the fees Pope sought after her termination were excessive and outrageous; that the cross-defendants attempted to obtain money from appellant by threatening unwarranted legal action based on "misrepresentations" which in fact never occurred; that their demands were based on alleged contracts which were unenforceable and obtained by undue influence and inadequate consideration; that Pope never advised appellant to seek independent advice before entering the contract or of the risks to appellant, Pope's conflict of interest, and appellant's right to terminate the contract; that the cross-defendants conspired to obtain money from appellant by publishing false accusations of fraud against him; that the original complaint was intentionally drafted to include false allegations of fraud, which were published when the complaint was filed; that a copy of the false complaint was mailed to appellant's family's address in Florida with the knowledge that appellant was especially vulnerable to allegations of wrongdoing published to his family; that the cross-defendants republished the defamatory statements to numerous other persons; that the amended complaint intentionally deleted the fraud cause of action and that appellant had prevailed on that cause of action; and that Pope and her attorneys had maliciously accused appellant of fraud in order to damage his reputation and obtain money from him, despite Pope's duty to protect appellant, and had sued him in his individual capacity for harassment.

The cross-complaint's first cause of action alleged that the filing of the original complaint published false and defamatory statements about appellant which bore no reasonable relation to the action; the second alleged that the mailing of the complaint to Florida republished the defamatory material to appellant's family and friends, again with no reasonable relation to the

---

[1] Sargetis is not a party to this appeal. According to respondent Worthington's brief, Sargetis was never served with the cross-complaint and Worthington had no part in the filing of the original complaint.

action; the third alleged that the cross-defendants had engaged in a conspiracy to defame appellant; the fourth alleged that the mailing of the complaint to Florida under the guise of attempting to serve appellant with an arbitration notice was an abuse of process; the fifth alleged that the actions complained of were taken with the intent of causing appellant humiliation and emotional distress; the sixth alleged that the cross-defendants had breached a fiduciary duty which survived termination of the attorney-client relationship; the seventh alleged that the action against appellant had been instituted without probable cause and with malice, and that the fraud cause of action had been terminated in appellant's favor; and the eighth alleged that Pope had breached a duty to warn and protect appellant regarding various aspects of the alleged oral contract. In all but the fifth cause of action appellant claimed damage to his health and reputation and financial damages; in the fifth cause of action he claimed to have suffered humiliation, embarrassment, mental anguish and emotional distress.

Respondents demurred to the cross-complaint on the ground that it did not state facts sufficient to constitute a cause of action in that the alleged acts were protected by the statutory privilege for statements made in judicial proceedings (Civ. Code, § 47, subd. 2) and barred by the statute of limitations; as to some causes of action, the demurrers were also on grounds of uncertainty. (Code Civ. Proc., § 430.10, subds. (e), (f).) On March 11, 1988, the trial court sustained the demurrers without leave to amend for failure to state a cause of action. At the hearing, appellant's attorney sought clarification whether the ruling with respect to the cause of action for malicious prosecution was that the cause of action was barred by the statute of limitations or that it could not be brought in the main action. The court stated: "The clarification is in my view you cannot state a cause of action for malicious prosecution based on an amended complaint that drops a cause of action."

The judgment sustaining the demurrers and dismissing the cross-complaint was filed on March 11, 1988. Appellant's notice of appeal was timely filed on May 9, 1988.

DISCUSSION

I.

*The Demurrer to the Cause of Action for Malicious Prosecution Was Properly Sustained*

Appellant contends that the cross-complaint stated facts sufficient to state a cause of action for malicious prosecution. ■ "To establish a

cause of action for malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]." (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Freidberg* v. *Cox* (1987) 197 Cal.App.3d 381, 384 [242 Cal.Rptr. 851].) ■■■ Appellant's cross-complaint fails to meet the first of these requirements, since the "prior action" had not been terminated at all.

In *Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379], the defendant in a civil action filed a cross-complaint seeking a declaratory judgment that the action was being maliciously prosecuted. The Supreme Court held this device improper. " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge . . . against an innocent person. . . .' . . . [¶] Because of this requirement, it is obvious that a defendant cannot cross-complain or counterclaim for malicious prosecution in the first or main action (*Baker* v. *Littman* [1956] 138 Cal.App.2d 510, 514 . . .), since a claim cannot state a cause of action at that stage of the proceedings." (*Babb* v. *Superior Court, supra,* 3 Cal.3d 841, 846.)

Appellant seeks to avoid the application of *Babb* by claiming that the deletion of the fraud cause of action in Pope's amended complaint constituted a favorable termination, indicative of his innocence, of that cause of action. Whereas in *Babb* the entire action remained pending when the cross-complaint was filed, appellant urges that the fraud cause of action has been terminated even though the remainder of Pope's action is still pending. Appellant's theory seems to be that the deletion of a cause of action in an amended complaint is equivalent to the voluntary dismissal of an action, which would support an action for malicious prosecution.

Appellant's position is untenable. ■■■ " '[T]he criterion by which to determine which party was successful in the former action is the decree itself in that action.' " (*Freidberg* v. *Cox, supra,* 197 Cal.App.3d at p. 385.) In *Freidberg,* the plaintiff asserted three theories of liability for recovery of attorney's fees. A motion for nonsuit was granted, removing the theories of joint venture and tortious interference with contract from the jury's consideration; the jury found in the plaintiff's favor on the third theory and awarded damages in the amount of the reasonable value of services per-

formed. The defendant then brought a malicious prosecution action based on the joint venture and interference with contract causes of action. ██ The court noted that "[u]nder the 'primary right' theory of pleading followed in California, a cause of action is based upon the *injury* suffered by a plaintiff, regardless of the particular legal theory or theories upon which plaintiff seeks redress." (197 Cal.App.3d at p. 388; see *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].)[2] Since all three theories of liability in the first action were aimed at remedying the breach of a single primary right, the right to attorney's fees, and the plaintiff had prevailed on one of these theories, there had not been a favorable termination to support the action for malicious prosecution. (*Id.*, at pp. 388-389.)

Appellant attempts to distinguish *Freidberg* by claiming that Pope's fraud cause of action involved a different primary right than the remainder of the action so that the "termination" of the fraud of action was a final termination in appellant's favor. Appellant fails to recognize that the primary rights analysis is irrelevant before termination of the action as a whole. In *Freidberg*, it was claimed that dismissal of part of an action satisfied the element of favorable termination *after judgment* had been entered in the entire action; the court applied the primary rights analysis to determine whether the action as a whole had terminated favorably. ██ ██ ██ ██ ██ Where, as here, the action as a whole is still pending, it is of no consequence whether a single cause of action has been determined in appellant's favor, as an action for malicious prosecution must await a favorable termination of the entire proceeding.[3]

---

[2] A cause of action consists of a primary right possessed by the plaintiff, a corresponding primary duty devolving on the defendant, and a delict or wrong done by the defendant. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67.)

[3] Appellant also mischaracterizes the primary rights involved in this case. Relying on *Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390 [177 Cal.Rptr. 398], which found separate "primary rights" violated by a breach of contract and acts of fraud arising from different sets of facts (*id.*, at pp. 402-403), appellant urges that Pope was harmed differently by the alleged fraud than by the alleged failure to pay attorney's fees. This contention ignores the fact that the amended complaint contains the cause of action for negligent misrepresentation which was based on the same alleged representations as the fraud claim. Unlike the situation in *Sawyer,* the fraud and negligent misrepresentation causes of action here are based on the same acts and representations. Surely if Pope was harmed by the alleged representations, she was harmed similarly whether they were made negligently or intentionally. (See 4 Witkin, Cal. Procedure, *supra*, Pleading, § 26, p. 70 [action based on negligence cannot be followed by action for same injury alleging intentional wrong].) Appellant's attempt to characterize negligent misrepresentation and fraud as involving different primary rights by stating that the intentional tort "comes under a different theory of relief than that supporting a *negligence* cause of action" (italics in original) completely ignores the basic principle that a primary right is defined by the harm suffered: Violation of a single primary right gives rise to only

Similarly, the Supreme Court's holding that a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause (*Bertero* v. *National General Corp., supra,* 13 Cal.3d at pp. 55-57) does not alter the rule there must first be a favorable termination of the *entire* action. *Freidberg* v. *Cox, supra,* 197 Cal.App.3d at pp. 386-387.) In *Bertero,* the question whether all or only part of the prior action had to be without probable cause arose only after judgment had been reached in the plaintiff's favor in the prior action as a whole. ▓ Indeed, even a partial summary judgment cannot support an action for malicious prosecution because the entire proceeding is not legally terminated while the remaining portions of the case remain pending. (*Rich* v. *Siegel* (1970) 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665].)

▓ Appellant advances the theory that a malicious prosecution action may be based on a cause of action omitted from an amended complaint because an original pleading serves no function once it is superseded by an amended one, omission of a cause of action is equivalent to a voluntary dismissal of the action, and voluntary dismissal of an action can be the basis of a malicious prosecution suit. None of appellant's arguments, however, can avoid the requirement of a favorable termination of the entire proceeding alleged to have been maliciously prosecuted. The fact that voluntary dismissal of an *entire* action may constitute a favorable termination (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 185 [156 Cal.Rptr. 745], disapproved on other grounds, *Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 882-883 [254 Cal.Rptr. 336, 765 P.2d 498]; *MacDonald* v. *Joslyn* (1969) 275 Cal.App.2d 282, 289 [79 Cal.Rptr. 707, 35 A.L.R.3d 641]) says nothing about deletion of a cause of action while the remainder of a case remains pending; not surprisingly, appellant concedes having been unable to find case law equating deletion of a cause of action to dismissal of the action. Appellant's reliance on cases holding that an action is considered dismissed against a defendant who was dropped from an amended complaint (*Kuperman* v. *Great Republic Life Ins.* (1987) 195 Cal.App.3d 943, 947 [241 Cal.Rptr. 187]; *Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 627 [311 P.2d 1]) is unavailing because when a defendant is dropped from an amended complaint, no part of the action remains pending as to that defendant. This situation is in no way comparable to the deletion of a single cause of action against defendants who remain in the case. Nor does the principle that an amended pleading supersedes the original (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 884 [92 Cal.Rptr. 162,

one cause of action, even if a plaintiff has various forms of relief or theories of relief available. (*Ford Motor Co.* v. *Superior Court* (1973) 35 Cal.App.3d 676, 679 [110 Cal.Rptr. 59]; 4 Witkin, Cal. Procedure, *supra,* Pleading, § 29, p. 73.)

479 P.2d 362]; *Meyer* v. *State Board of Equalization* (1954) 42 Cal.2d 376, 384 [267 P.2d 257]) suggest that an omitted cause of action can be considered terminated for purposes of a malicious prosecution suit before termination of the entire action. ■ ■■■ appellant's cases simply hold that a superseded cause of action cannot be looked to for the issues to be tried (*Puchta* v. *Rothman* (1950) 99 Cal.App.2d 285, 291 [221 P.2d 744]); a cause of action omitted from an amended complaint need not be proved at trial (*Foreman, supra*, 3 Cal.3d at pp. 883-884) and a dismissed cause of action cannot be relied upon for recovery. (*Campbell* v. *Security Pac. Nat. Bank* (1976) 62 Cal.App.3d 379, 385-386 [133 Cal.Rptr. 77].)[4]

■ Appellant's position is not only unsupported in the law, but reflects an unwise and undesirable policy. To allow a malicious prosecution suit to be based on a cause of action dropped from an amended complaint would discourage amendment of pleadings to delete theories which come to appear untenable. The Supreme Court in *Bertero* explained: "A plaintiff acting in good faith may safely sue on alternative theories after full disclosure to counsel when he possesses a reasonable belief in the validity of *each* of those theories. If his original pleading (or cross-pleading) advances a theory which subsequent research or discovery proves to be untenable the pleading may be amended. We see no reason for permitting plaintiffs and cross-complainants to pursue shotgun tactics by proceeding on counts and theories which they know or should know to be groundless." (*Bertero* v. *National General Corp., supra*, 13 Cal.3d at p. 57.) Since litigants should be encouraged to amend pleadings to drop groundless causes of action, such amendments cannot create a basis for liability for malicious prosecution.

Having concluded that appellant's malicious prosecution claim could not be maintained because there was no termination of the prior proceeding, we need not reach appellant's additional contentions that the termination was in his favor and that there was no probable cause for the fraud cause of action.

---

[4] Respondents urge that the fraud cause of action cannot be considered terminated because it could be reinstituted in another amendment. Appellant's answer, that the possibility an action may be refiled is no defense to an action for malicious prosecution (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 156-157 [114 P.2d 335, 135 A.L.R. 775]), misses the point. The *Jaffe* rule applies to the possibility of refiling after termination of an entire proceeding, so that a litigant is not required to wait to bring a malicious prosecution action until all possibility of a new prosecution on the same cause of action has passed. (*Id.*, at pp. 156-157.) This rule does not countenance institution of a malicious prosecution action *before* termination of the proceeding in which an allegedly malicious claim was asserted.

## II.

*The Cross-complaint Was Barred by the Statute of Limitations\**

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Smith, J., and Benson, J., concurred.

.

---

\* See footnote, *ante,* page 1292.