985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hugh V. SMITH, Jr., Plaintiff-Appellant,
v.
Charles H. HURD; C.F. Damon, Jr.; Charles W. Key; Vernon
F.L. Char; Clinton K.L. Ching, R. Charles Bocken; Dennis
C.H. Leong; Kenneth R. Kupchak; Steven H. Levinson; Diane
D. Hastert; Ronald R. Sakamoto; Michael A. Yoshida; Dean
E. Ochiai; David M.K. Lum; Denise C.H. Nip; John S.
Rapacz; and Damon, Key, Char and Bocken, a Hawaii
professional (law) corporation; Eric Nagano; Bal
Corporation, a Hawaii corporation; Ilekea, Inc., a Hawaii
corporation; Marshall Island Investment Company, a Marshall
Islands corporation; Lahaina Shores Village Company, a
Hawaii corporation; Academy Limited Partners, a Hawaii
limited partnership and; Spafford and Ishizaki, Inc., a
Hawaii corporation, Defendants-Appellees.
 No. 91-16436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CV-88-00147-HMF, Harold M. Fong, District Judge, Presiding.
 D.Hawaii, 699 F.Supp. 1433.
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hugh V. Smith, Jr. appeals the grant of summary judgment in his suit for malicious prosecution and abuse of process. This court has jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 II
 
 4
 Smith argues that the district court erred in finding that the lawsuit against him was not terminated in his favor. The plaintiff in a malicious prosecution action must show that the underlying litigation was favorably terminated. Myers v. Cohen, 688 P.2d 1145, 1148 (Haw.1984). When the previous litigation involved multiple claims, courts will consider all of the claims together unless some claims are "severable." See, e.g., Singleton v. Perry, 45 Cal.2d 489, 497-98, 289 P.2d 794 (1955); Paramount General Hospital Co. v. Jay, 213 Cal.App.3d 360, 261 Cal.Rptr. 723, 727 (1989).
 
 
 5
 Here the district court found that claims 11 (for tortious interference of prospective economic advantage), 12 (for fraud), 17 (for negligence), 18 (for malpractice), and 19 (for breach of fiduciary duty) against Smith were not severable. We agree. Each of the claims concerned the same wrong--a loan transaction gone sour in which Smith participated, at one point acting as a courier for some of the money. See Freidberg v. Cox, 197 Cal.App.3d 381, 242 Cal.Rptr. 851 (1987) (finding that three claims arising from one wrong were not severable). Although the defendants alleged various legal theories related to the wrong, the underlying facts and the wrong were the same. The claims could not have been the subject of separate proceedings and therefore were not severable.
 
 
 6
 Smith argues that the prior proceedings were terminated in his favor because res judicata bars any subsequent claim related to the Ledbetter transaction. However, Smith points to no malicious prosecution cases which have applied such a standard. Wong v. Panis, 772 P.2d 695, 699 (Haw.App.1989) requires that "termination" for purposes of malicious prosecution not be based on a "procedural" ground since dismissal on account of procedural default does not always evince a lack of probable cause for the initial action. Res judicata has no such requirement.
 
 
 7
 Smith also argues that the defendants' failure to file another complaint after the dismissal without prejudice of claims 17 and 19 in the Third Amended Complaint indicates a favorable termination. Again, he points to no Hawaii case which has held that failure to refile a case after an involuntary dismissal without prejudice constitutes a favorable termination. Compare Wong v. Panis, 772 P.2d 695, 699 (Haw.App.1989) (voluntary dismissal of a claim may constitute a final "termination" depending upon the circumstances); see also Myers v. Cohen, 688 P.2d 1145, 1151 (Haw.1984) ("the policy of the law is certainly not to encourage the filing of malicious prosecution claims"). As the district court noted, there could be "a number of reasons" why the defendants chose not to refile. Smith failed to bring forward any facts which suggest that the case was abandoned by the defendants because of the absence of merit. Therefore, under Celotex, summary judgment was appropriate.
 
 III
 
 8
 Smith also argues that the district court erred in granting summary judgment on his abuse of process claim. The tort of abuse of process has two essential elements: (1) an ulterior purpose, and (2) a wilful act in the use of process which is not proper in the regular conduct of the proceeding. Wong, 772 P.2d at 699-700. As Wong stated, the improper ulterior purpose must be the "primary" purpose of the process used. Id. at 700.
 
 
 9
 Here, it is undisputed that the defendants sued Smith in hopes of obtaining money damages, the purpose for which lawsuits are designed. Thus, summary judgment was proper. Smith argues that the claims against him were baseless. However, in Myers v. Cohen, 687 P.2d 6, 14 (Haw.App.1984), reversed on other grounds, 688 P.2d 1145, 1148 (Haw.1984), the court noted that an action for malicious prosecution is the proper method of challenging a baseless claim, not an action for abuse of process. Smith suggests that the claims were so "baseless" that they amounted to "extortion." This is an overstatement. Claims 17 and 19, in fact, survived a motion for summary judgment in the second amended complaint prior to their ultimate dismissal for untimely service. These claims were not extortionate.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3