**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID FABBRINI,
            *Plaintiff-Appellant*,

v.

CITY OF DUNSMUIR; BILL SANFORD;
JOHN FISHER; KEITH ANDERSON;
DOES 1 THROUGH 10, INCLUSIVE,
            *Defendants-Appellees.*

No. 09-16292

D.C. No.
2:07-cv-01099-
GEB-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted
October 7, 2010—San Francisco, California

Filed February 11, 2011

Before: Stephen Reinhardt and Marsha S. Berzon,
Circuit Judges, and Louis H. Pollak, District Judge.*

Opinion by Judge Pollak

*The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

## COUNSEL

Tania Beth Rose, San Francisco, California, for the plaintiff-appellant.

J. Scott Smith, Sacramento, California, for the defendants-appellees.

## OPINION

POLLAK, District Judge:

Plaintiff-Appellant David Fabbrini was sued by the City of Dunsmuir, California ("the City"), for his failure to sufficiently collateralize a municipal loan. The City's lawsuit included a request for declaratory relief regarding Fabbrini's obligations, as well as a fraud claim. Subsequently the City voluntarily dismissed that lawsuit. Fabbrini then filed a federal court action against the City and various City officials, alleging a § 1983 claim for malicious prosecution and a state law defamation claim.

Pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, the district court granted the City's motion to strike the defamation claim. In the same order, it denied the City's motion to dismiss the § 1983 malicious prosecution claim. The court then awarded attorney's fees to the City on the basis of the successful anti-SLAPP motion, and later granted summary judgment in favor of the City as to the § 1983 malicious prosecution claim. Fabbrini appeals the summary judgment ruling and the award of attorney's fees.

## I. Malicious Prosecution

**[1]** The district court did not err in granting summary judgment on the § 1983 malicious prosecution claim. The City Council resolution approving the loan specified a 110% collateral requirement, and Fabbrini admitted that the loan was not fully collateralized. Accordingly, the City's declaratory action was brought with probable cause. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 886 (1989) (in a civil malicious prosecution suit, probable cause exists if "any reasonable attorney would have thought the claim tenable").

**[2]** The district court also properly found that the City's fraud claim, which the City did not include in its amended

complaint, could not form the basis of a § 1983 malicious prosecution lawsuit. Even if it was the case that the fraud claim might have been deemed lacking in probable cause, a dropped claim cannot form the basis of a malicious prosecution action. *See Jenkins v. Pope*, 217 Cal. App. 3d 1292, 1300-01 (1990) ("To allow a malicious prosecution suit to be based on a cause of action dropped from an amended complaint would discourage amendment of pleadings to delete theories which come to appear untenable."); *see also Crowley v. Katleman*, 8 Cal. 4th 666, 678 (1994) (suggesting that a plaintiff can avoid malicious prosecution liability by dropping untenable claims from a complaint that includes tenable claims, but that a plaintiff remains liable if he or she fails to amend in that manner).[1]

## II.   Attorney's Fees

Awards of attorney's fees are generally reviewed for abuse of discretion, *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), but "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo." *Cabrales v. Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991) (internal quotation marks omitted). In the district court, the City filed in a single pleading the motion to dismiss the § 1983 malicious prosecution claim and the anti-SLAPP motion to strike the defamation claim. It is undisputed that the City is entitled to fees for having prevailed on the anti-SLAPP motion. But the district court also awarded

---

[1]We are assuming, as did the parties, that a § 1983 malicious prosecution must meet the requirements of a malicious prosecution case in the forum state. *See, e.g*, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). As the issue has not been raised, we do not address whether that precept is drawn into question in the current circumstances by *Hartman v. Moore*, 547 U.S. 250 (2006); *see id.* at 258 ("[W]e certainly are ready to look at the elements of common-law torts when we think about elements of actions for constitutional violations . . . but the common law is best understood here more as a source of inspired examples than of prefabricated components . . . .").

fees for hours incurred on the § 1983 motion, to the extent that any of those hours were "inextricably intertwined" with the anti-SLAPP motion. We find that the district court erred in awarding fees for the City's defense against the § 1983 claim, even if that work was intertwined with the anti-SLAPP portion of the motion.

**[3]** A district court may award attorney's fees to a prevailing § 1983 defendant "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421(1978)); *see also* 42 U.S.C. § 1988. In this case, the district court did not rule that Fabbrini's § 1983 claim was frivolous. Thus, in awarding fees for hours spent on the motion to dismiss the malicious prosecution claim, the district court improperly awarded fees for time spent defending a § 1983 action that it had not found to be frivolous. *See Quintana v. Jenne*, 414 F.3d 1306, 1311-12 (11th Cir. 2005) (where frivolous § 1983 claims are joined with non-frivolous § 1983 claims, district court must award "fees attributable exclusively to [the frivolous claim]," even though "some of the facts supporting each claim were common to both claims") (emphasis added) (quoted with approval in *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006)). We accordingly vacate the district court's ruling insofar as it granted fees for a portion of the § 1983 motion that it deemed to be intertwined with the anti-SLAPP motion. Unless the district court makes a proper finding that the § 1983 claim was frivolous, the City is entitled to fees only for work that is exclusively attributable to the anti-SLAPP motion.**²**

---

**²**The Supreme Court has recently granted certiorari in a case concerning the availability of fees for intertwined work. *Fox v. Vice*, 594 F.3d 423 (5th Cir. 2010) *cert. granted*, 131 S. Ct. 505 (Nov. 1, 2010) (No. 10-114). In *Fox*, the Fifth Circuit addressed whether a defendant, who was entitled to fees for defending against frivolous § 1983 claims, was also entitled to fees for hours spent on intertwined, non-frivolous state law claims. *Fox*,

**[4]** The district court also erred in its award for the City's preparation of the motion for attorney's fees. One of the entries for hours spent on the fee motion included: "Research various defenses and analysis of options for proceeding with defense of lawsuit and develop plan . . . ." These tasks do not relate to preparation of the fee motion. Although the remainder of the entry described hours spent on the fee motion, it was error for the district court to award fees for the entire entry. *See Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000) ("If counsel cannot further define his billing entries so as to meaningfully enlighten the court of those related to [the fee claim], then the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or simply cast them aside."). We accordingly vacate that portion of the fee award and remand to the district court for a determination of what proportion of this entry, if any, is recoverable.

The balance of Fabbrini's fee award arguments amount to assertions that the district court's award was imprecise or too high, but none of those arguments demonstrates an abuse of discretion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

594 F.3d at 428-29. In this case, however, there was a fee award for a § 1983 claim that has not been deemed frivolous. Thus *Fox* does not deal with the problem we confront here: that the award of fees for defending against a non-frivolous, intertwined, § 1983 claim is not compatible with the federal policy imposing restrictions on fee awards to § 1983 defendants.