NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEHROOZ MOHAZZABI,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

No. 22-15357

D.C. No. 4:21-cv-04234-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Behrooz Mohazzabi appeals pro se from the district court's judgment dismissing his diversity action alleging various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1154-55 (9th Cir. 2021) (order granting a special motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to strike under California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute); *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm in part, vacate in part, and remand.

The district court properly granted defendant's special motion to strike Mohazzabi's malicious prosecution and fraud claims stemming from defendant's action brought against Mohazzabi under the Workplace Violence Safety Act, Cal. Civ. Proc. Code § 527.8. Mohazzabi failed to show a probability of prevailing on his claims because he failed to allege facts sufficient to state a plausible claim. *See Robinzine v. Vicory*, 50 Cal. Rptr. 3d 65, 69, 71 (Ct. App. 2006) (to make out a claim of malicious prosecution, a plaintiff must plead favorable termination, but "petitions under the Workplace Violence Safety Act do not provide a basis for malicious prosecution actions"); *In re Marriage of Melton*, 33 Cal. Rptr. 2d 761, 765 (Ct. App. 1994) ("Fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so.").

The district court properly dismissed Mohazzabi's fraud claims stemming from the arbitration proceeding because Mohazzabi's claims were barred by the litigation privilege. *See Moore v. Conliffe*, 871 P.2d 204, 208 (Cal. 1994) (setting

forth the contours of California's litigation privilege). To the extent that Mohazzabi sought to vacate the arbitration award, dismissal was proper because he failed to show that the arbitration award was obtained through fraud that was not discoverable upon the exercise of due diligence prior to the arbitration. *See Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1297 (9th Cir. 1982) (explaining that "in order to protect the finality of arbitration decisions, courts must be slow to vacate an arbitral award on the ground of fraud," and the "fraud must not have been discoverable upon the exercise of due diligence prior to the arbitration"); *Pour Le Bebe, Inc. v. Guess? Inc.*, 5 Cal. Rptr. 3d 442, 458-60 (Ct. App. 2003) (explaining that a party seeking to vacate an arbitration award on the basis of fraud must show, among other things, that the alleged fraud was not discoverable upon the exercise of due diligence prior to or during the arbitration as well as a nexus between the fraud and the award).

The district court did not abuse its discretion by dismissing Mohazzabi's complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court awarded fees for hours spent on the motion to dismiss. However, the motion to dismiss involved distinct factual and legal questions from

the anti-SLAPP motion and addressed claims not subject to the special motion to strike.  *See Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) (district court abused its discretion in awarding fees for defense against a § 1983 claim even if that work was intertwined with the anti-SLAPP portion of the motion); *Christian Rsch. Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 874 (Ct. App. 2008) ("[T]he anti-SLAPP statute's fee provision applies only to the motion to strike, and not to the entire action." (internal quotation marks omitted)).  We accordingly vacate the district court's fee award and remand for an award of fees only for work that is exclusively attributable to the anti-SLAPP motion.

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**