**Edward D. VANOVER, Plaintiff,**

v.

**Stephanie J. COOK, f/k/a/ Stephanie J. Vanover, and Robert D. Hecht, and Scott, Quinlan & Hecht, Law Partnership, Defendants.**

**No. 98–4166–DES.**

United States District Court, D. Kansas.

Sept. 3, 1999.

Carl A. Gallagher, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, James E. Rumsey, Lawrence, KS, for Edward D Vanover, plaintiff.

Robert D. Hecht, Scott, Quinlan & Hecht, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' Motion to Dismiss (Doc. 5) pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Both parties have submitted briefs, and the court is ready to rule.

### I. STATEMENT OF FACTS

Plaintiff and defendant were first married on October 2, 1971, and divorced in 1975. The couple then remarried on December 30, 1975, and divorced again on September 10, 1976. The couple had one child, Zachary Dean Vanover, born on March 13, 1973. The District Court of Gray County, Kansas, issued a divorce decree ordering Mr. Vanover to begin payments on September 12, 1976, in the amount of $150 per month for child sup-

port and $50 per month for spousal maintenance.

From September 1976 to March 1977, Mr. Vanover made the monthly payments although several months he did not make the full $200 payment. The couple reconciled and lived together for twelve months beginning April 1978, and Mr. Vanover paid all living expenses during this time. The couple permanently separated in April 1979. Ms. Cook remarried on September, 1, 1979, ending the obligation to pay alimony. The obligation to pay child support ended on May 30, 1991. Although payments were periodically made pursuant to an agreement between Mrs. Cook and Mr. Vanover, he made no payments through the court after April 1978.

On June 28, 1996, the defendants filed a request for a garnishment in the amount of $16,800 against Kansas City Life Insurance Company. Mr. Vanover had a judgement against the insurance company for $1,400,250. On August 5, 1996, the Gray County Court Clerk issued a non-wage garnishment. Service was made on the insurance company on August 8, 1996, and on September 20, 1996, the plaintiff objected to garnishment. A new request for garnishment in the amount of $71,078.21 was filed on September 23, 1996, and litigation followed.

On January 16, 1998, the District Court of Gray County ordered Mr. Vanover to pay $64,646.82, awarding $53,646.82 for the net obligation and $11,000 for Mrs. Cook's attorney fees. The plaintiff filed an appeal, and the court stayed the execution of the judgement pending appeal. The plaintiff proposed and the court accepted a Supersedeas Bond which authorized distribution of $21,800 of the garnished funds which was accepted in partial satisfaction of the judgment. On September 3, 1996, the appellate court affirmed the trial court's judgment for $64,646.82.

The plaintiff filed an action before this court on September 23, 1998, alleging that the defendants initiated a wrongful garnishment of $71,028.21 to enforce a judgment that was dormant, void and unenforceable.

## II. STANDARD OF REVIEW

A court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752, 753 (10th Cir. 1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted).

In considering a Fed.R.Civ.P. 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the nonmovant. *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . . laws in ways that have not been alleged." *Associated General Contractors of Califor-*

nia, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (quoting Sutliff, Inc. v. Donovan Companies, 727 F.2d 648, 654 (7th Cir.1984)). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir.1989) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986)).

## III. DISCUSSION

■ The plaintiff's action for wrongful garnishment is based in part on his allegation that the judgments for back child support and alimony which the defendants sought to enforce were dormant, void, and unenforceable. However, whether these judgments were valid is an issue decided by the state court.

■ Under Kansas law, collateral estoppel will bar a party from relitigating the same issue when (1) there is a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, (3) the issue must be litigated, and (4) the issue litigated must have been determined and necessary to support the judgment. Jackson Trak Group, Inc. v. Mid States Port Authority, 242 Kan. 683, 751 P.2d 122, 128 (1988).

All the elements of collateral estoppel are met in this case. First, the state court determined that the judgments for back child support and alimony were not dor-

mant and were fully enforceable to the extent of $53,646.82 plus attorney's fees. Second, the same parties are before the court. Third, whether the judgments were valid was fully litigated at the trial court level, and affirmed on appeal. Finally, the success of the garnishment was dependant on the validity and enforceability of the judgments. Therefore, all the plaintiff's arguments as to a dormant, void, or unenforceable judgment are moot. The defendant has a valid state court judgment in the amount of $64,646.82. The defendants' attempt to garnish up to $53,646.82 can not be the basis of a wrongful garnishment action.

■ The plaintiff next alleges that the defendants are liable for wrongful garnishment because they failed to give the plaintiff proper credit for payments and used the wrong judgment interest rate, and such action was willful, wanton and with malice. The plaintiff argues the claim is in the nature of abuse of process. The defendants argue and this court agrees that the claim is one for malicious prosecution.

■ Abuse of process exists when the defendant "initiated or continued the proceedings, both without having probable cause for bringing it and primarily for a purpose other than that of obtaining the proper adjudication of the claim on which the civil proceedings were brought." Hokanson v. Lichtor, 5 Kan.App.2d 802, 626 P.2d 214, 222 (1981) (quoting Restatement (Second) of Torts § 682 (1977)). The defendant must seek the garnishment "primarily to accomplish a purpose for which it is not designed." Id. A mere showing that the defendants used the garnishment for its intended purpose is insufficient to establish abuse of process. See Porter v. Stormont–Vail Hospital, 228 Kan. 641, 621 P.2d 411 (1980) (holding post-judgment collection efforts used to collect on a judgment did not establish abuse of process).

The plaintiff has not plead that the defendants used the garnishment proceeding

for any purpose other than to collect on the judgment. Plaintiff cites *Little v. Sowers,* 167 Kan. 72, 204 P.2d 605 (1949) for the proposition that a wrongful execution on a void judgment is an abuse of process. However, this argument is without merit. As discussed above, the plaintiff is collaterally estopped from asserting that the judgment for back child support and alimony was void, dormant, or unenforceable. When reviewing the facts in the light most favorable to the plaintiff, there is nothing to suggest that the garnishment was used for an improper purpose. Therefore, the plaintiff failed to state a claim for abuse of process.

■■■■ The plaintiff's action is based on malicious prosecution. In the complaint, the plaintiff alleges the defendants' actions were willful, wanton, and with malice. In Kansas, a plaintiff who relies on the element of malice to prove wrongful garnishment has plead malicious prosecution. *Brown v. Westport Finance Co.,* 145 F.Supp. 265, 267 (W.D.Mo.1956).

> Whether the action is denominated as an action for malicious prosecution of garnishment proceedings, malicious use of process or malicious and wrongful garnishment, the Kansas law means that if plaintiff alleges that defendant was actuated by malice in procuring the garnishments, and relies upon the element of malice as a basis for recover, the action is regarded as one for malicious prosecution.

*Id.* See *Root Grain Co. v. Livengood,* 100 P.2d 714, 717 (1940) (referring to wrongful garnishment as an action for malicious prosecution).

■■■■ To succeed in a malicious prosecution action, the plaintiff must establish the following elements: (1) the defendant initiated civil proceedings against the plaintiff; (2) the defendant acted without probable cause; (3) the defendant acted with malice, for the primary purpose other than securing a proper adjudication of the claim; (4) the proceeding terminated in favor of the plaintiff; and (5) the plaintiff sustained damages. *Bergstrom v. Noah,* 266 Kan. 829, 974 P.2d 520, 526 (1999). The court's focus is on the element of whether the proceedings terminated in favor of the plaintiff. The plaintiff argues that the proceedings were terminated in his favor when the state court approved the garnishment of $53,646.82 rather than the defendant's request of $71,028.21. This court could find no case law and the plaintiff cites no case law to support his position.

"The criterion by which to determine which party was successful in the former action is the decree itself." 52 Am.Jur.2d § 43. The court must evaluate "the result of the previous suit as a whole." *Id.* There is case law rejecting the plaintiff's piecemeal approach to determining when a case is "favorably terminated." A California court held that a case did not terminate in favor of the defendant when the plaintiff suing for attorney's fees received $12,900 of the requested $43,000. *Freidberg v. Cox,* 197 Cal.App.3d 381, 398, 242 Cal. Rptr. 851 (1987). A Minnesota court held there was no favorable termination when the court decree was partly in favor of the instant plaintiff, but was in favor of the other party as to a substantial matter. *Virtue v. Creamery Package Mfg. Co.,* 123 Minn. 17, 142 N.W. 930, 936 (1913). The court distinguished a "trifling" award from a substantial award for the purpose of favorable termination. *Id.*

Favorable termination is required because "it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, established the tort, that is, the malicious and unfounded charge ... against an innocent person." *Freidberg,* at 384, 242 Cal.Rptr. 851. The plaintiff in this case is not "innocent," and the charge against him was not unfounded. The state court awarded the plaintiff's ex-wife $53,-

646.82 for back child support and alimony, releasing $17,381.39 of the excessively garnished funds. Surely, this is not what is intended by the term "favorable" termination. The release from garnishment of $17,381.39 is a "trifling" matter, when compared to the substantial award of $53,-646.82. The case did not terminate in favor of the plaintiff. Therefore, the plaintiff has failed to state a cause of action for malicious prosecution.

## IV. CONCLUSION

The plaintiff has failed to plead a cause of action for either abuse of process or malicious prosecution. Therefore, the plaintiff's complaint is dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Dismiss (Doc. 5) is granted.